IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONNA DIGRANDE and
LAURA KLINE,

      Plaintiffs,

vs.

NELSONS DINER LLC, a Florida Limited
Liability Company, and GRANT GALUPPI,
an individual, jointly and severally,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES

      Plaintiffs, DONNA DIGRANDE and LAURA KLINE, sue Defendants, NELSONS DINER LLC, and GRANT GALUPPI, and shows:

### Introduction

1.      This is an action by Plaintiffs against their former employers for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act. Plaintiffs seek damages and reasonable attorney's fees.

### Jurisdiction

2.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.      The claims arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4.      Plaintiff, DONNA DIGRANDE, (hereinafter "DIGRANDE") a resident of Broward County, was at all times material, employed by NELSONS DINER, LLC, as a waitress, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with NELSONS DINER,

LLC, was engaged in commerce or in the production of goods for commerce. To wit: DIGRANDE handled and sold goods that traveled in interstate commerce and regularly processed credit card and debit card transactions through telephone and internet channels involving local, out of state and foreign financial institutions.

5. Plaintiff, LAURA KLINE, (hereinafter "KLINE") a resident of Broward County, was at all times material, employed by NELSONS DINER, LLC, as a waitress, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with NELSONS DINER, LLC, was engaged in commerce or in the production of goods for commerce. To wit: KLINE handled and sold goods that traveled in interstate commerce and regularly processed credit card and debit card transactions through telephone and internet channels involving local, out of state and foreign financial institutions.

6. Defendant, NELSONS DINER, LLC, d/b/a NELSONS DINER, (hereinafter, "NELSONS DINER"), is a Florida Limited Liability Company doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206 and 207, in the restaurant where Plaintiffs were employed.

7. Defendant, GRANT GALUPPI (hereinafter "GALUPPI"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant NELSONS DINER.

8.      Defendant GALUPPI acted and acts directly in the interests of Defendant NELSONS DINER, in relation to its employees by hiring, firing, scheduling, setting pay, and otherwise controlling the terms of conditions of NELSONS DINER's employees. Thus, GALUPPI was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**Count I – Violation of FLSA by both Defendants – Unpaid Minimum Wages**

9.      Plaintiffs reallege, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 above.

10.     Both Plaintiffs worked for NELSONS DINER from March 17, 2020 through May 7, 2020 but were not permitted to use the Defendants' computerized time keeping system. Defendants permitted Plaintiffs to work during this time, but prohibited them from recording their compensable time.

11.     Despite both Plaintiffs working hours "off the clock", each were permitted to receive their tips, but were not paid their normal tip credit wage.

12.     Specifically, Plaintiffs worked the following workweeks and hours each week:

| Workweek | Digrande | Kline |
|---|---|---|
| March 17 to March 20, 2020 | 32 | 36 |
| March 21 to March 27, 2020 | 42 | 55 |
| March 28 to April 3, 2020 | 58 | 74.5 |
| April 4 to April 10, 2020 | 89 | 80 |
| April 11 to April 17, 2020 | 72 | 87 |
| April 18 to April 24, 2020 | 59 | 90 |
| April 25 to May 1, 2020 | 66 | 82 |
| May 2 to May 7, 2020 | 41 | 55 |
| Total Hours | 459 | 559.5 |

13.     Despite working a total of 459 hours of time from March 17, 2020 to May 7, 2020, and after numerous requests for payment to NELSONS DINER, Defendants failed to pay DIGRANDE any wages whatsoever.

14. Despite working a total of 559.5 hours of time from March 17, 2020 to May 7, 2020, and after numerous requests for payment to NELSONS DINER, Defendants failed to pay KLINE any wages whatsoever.

15. Defendants' failure to pay Plaintiffs any wages during this time is a violation of both the federal and Florida minimum wage laws.

16. NELSONS DINER and GALUPPI's actions were willful and purposeful as both were well aware of the Fair Labor Standards Act and the hours that Plaintiffs worked, but chose not to pay them in accordance with the Act.

17. Plaintiffs are entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants:

   a. All unpaid minimum wages that are due;

   b. As liquidated damages, an amount equal to the unpaid minimum wages owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE Plaintiffs, DONNA DIGRANDE and LAURA KLINE, pray that this court will grant judgment against Defendants NELSONS DINER and GRANT GALUPPI:

   a. awarding them payment of minimum wages found by the court to be due to them under the Act, including pre-judgment interest;

   b. awarding them an additional equal amount as liquidated damages;

   c. awarding their costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Count II –Violation of FLSA by both Defendants – Unpaid Overtime

18. Plaintiffs reallege, as if fully set forth in Count II, the allegations of Paragraphs 1 through 17 above.

19. During several workweeks from March 21, 2020 to May 7, 2020, Plaintiffs worked overtime hours without receiving overtime compensation. The following chart shows the number of overtime hours each Plaintiff worked during this time period:

| Workweek | Digrande | Kline |
|---|---|---|
| March 21 to March 27, 2020 | 2 | 15 |
| March 28 to April 3, 2020 | 18 | 34.5 |
| April 4 to April 10, 2020 | 49 | 40 |
| April 11 to April 17, 2020 | 32 | 47 |
| April 18 to April 24, 2020 | 19 | 50 |
| April 25 to May 1, 2020 | 26 | 42 |
| May 2 to May 7, 2020 | 1 | 15 |
| Total Overtime Hours | 147 | 243.5 |

20. Defendants' failure to pay Plaintiffs overtime compensation during this time is a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

21. NELSONS DINER and GALUPPI's actions were willful and purposeful as both were well aware of the Fair Labor Standards Act and the overtime hours that Plaintiffs worked, but chose not to pay them in accordance with the Act.

22. Plaintiffs are entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendants:

   a. All unpaid overtime wages that are due;

   b. As liquidated damages, an amount equal to the unpaid overtime wages owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE Plaintiffs, DONNA DIGRANDE and LAURA KLINE, pray that this court will grant judgment against Defendants NELSONS DINER and GRANT GALUPPI:

   a. awarding them payment of overtime wages found by the court to be due to them under the Act, including pre-judgment interest;

      b.      awarding them an additional equal amount as liquidated damages;

      c.      awarding their costs, including a reasonable attorney's fee; and

      d.      granting such other and further relief as is just.

## Jury Demand

Plaintiffs demand trial by jury on all issues so triable.

Dated: November 18, 2020
Plantation, Florida

                                            Respectfully submitted,

                                            */s/Robert S. Norell*
                                            Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                            E-Mail: rob@floridawagelaw.com
                                            **ROBERT S. NORELL, P.A.**
                                            300 NW 70th Avenue
                                            Suite 305
                                            Plantation, Florida 33317
                                            Telephone: (954) 617-6017
                                            Facsimile: (954) 617-6018
                                            *Counsel for Plaintiffs*